IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GAIL BERETTA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-02176-SHL-jay |
| | ) | |
| FRANK BISIGNANO, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING COMMISSIONER'S DECISION

Before the Court is Magistrate Judge Jon A. York's Report and Recommendation ("R&R"), filed February 6, 2026, on Plaintiff Gail Berretta's Complaint for review of the Commissioner of Social Security's decision denying her application for supplemental security income ("SSI") benefits. (ECF No. 24.) Berretta appeals the final decision of Frank Bisignano, the Commissioner of Social Security, denying her application for Title XVI supplemental security income. (ECF No. 1 at PageID 1–2.) The R&R recommends that Berretta's appeal be denied and the decision of Bisignano be affirmed. (ECF No. 24 at PageID 519.) Berretta filed objections to the R&R on February 27. (ECF No. 27.) Bisignano responded in opposition to Berretta's objections on March 4. (ECF No. 28.) For the reasons explained below, the R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**.

## I.    BACKGROUND

On December 2, 2022, Berretta filed an application for SSI with the Social Security Administration (the "Agency"), alleging a disability beginning on November 23, 2022. (ECF

No. 8 at PageID 199.)  Berretta was 55 years old at the time of her application, and has her

General Equivalency Diploma ("GED").  She alleged that she is disabled because of a hearing

loss, diabetes, thyroid issues, arthritis in her back, a "veins problem," and her "test for

osteoarthritis."  According to her, she stopped working in 2012 because of her medical

conditions.  (Id. at PageID 227–29.)  Her claim was denied initially and upon reconsideration.

(Id. at PageID 81–89.)

At Berretta's request, a hearing to review her application was held on March 15, 2024,

before an Administrative Law Judge ("ALJ"), during which Berretta and Katrina Virden, a

vocational expert, testified.  (Id. at PageID 51–63.)  The ALJ subsequently issued her written

decision.  In that decision, the ALJ concluded the following during her five-step analysis of

whether Berretta was disabled:[1]  Berretta has not engaged in substantial gainful activity since

---

[1] When determining whether a claimant is disabled within the meaning of the Social
Security Act, an ALJ follows a five-step sequential process.  20 C.F.R. §§ 404.1520(a),
416.920(a), 416.924.  At step one, the ALJ determines whether the claimant is currently
engaging in substantial gainful activity.  20 C.F.R. § 404.1520(b).  If the claimant is not
engaging in substantial gainful activity, the ALJ moves on to step two.  Id.

At step two, the ALJ determines whether the claimant's medically determinable
impairments are "severe."  20 C.F.R. § 404.1520(c).  If not severe, then the claimant is not
considered disabled and the analysis ends; however, if the claimant's medically determinable
impairments are severe, the ALJ moves on to step three.  Id.

At step three, the ALJ determines if the claimant's impairments meet or medically equal
the severity of one of the enumerated impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
20 C.F.R. § 404.1520(d).  If the claimant's impairments meet or medically equal one of the
enumerated impairments, then they are considered disabled and benefits are approved.  Id.  If the
claimant's impairments do not rise to that level, the ALJ moves on to step four.  Id.

As a prerequisite to step four, the ALJ must determine the claimant's residual functional
capacity ("RFC").  The claimant's RFC is their ability to do physical and mental work activities
on a sustained basis despite limitations from impairments.  20 C.F.R. § 404.1520(e).  After
determining the claimant's RFC, pursuant to step four, the ALJ determines whether the claimant
is capable of performing the requirements of their past relevant work, using their RFC.  20
C.F.R. § 404.1520(f).  If the ALJ finds that they are capable of performing their past relevant
work, then the claimant is not considered disabled and the analysis ends.  Id.  If the ALJ finds
otherwise, then they move on to step five.  Id.

2

November 23, 2022. Her severe impairments include sensorineural hearing loss and arthritis of the right knee. None of Berretta's impairments or combination of impairments meets or medically equals one of the listed impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926). Further, Berretta has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following nonexertional limitations: she should avoid concentrated exposure to loud background noises and can occasionally kneel, crouch, and crawl.

Addressing the factors relevant to Berretta's ability to perform jobs in the national economy, the ALJ first found that Berretta has no past relevant work that she can perform. Second, her age of 55 years old as of the date of her application renders her an individual of advanced age. Third, she has a GED. Fourth, transferability of job skills is a nonissue because she lacks past relevant work. Given these circumstances, the ALJ still found a significant number of jobs in the national economy that Berretta can perform, and, therefore, concluded that she has not been under a disability within the terms of the Social Security Act since November 23, 2022. (Id. at PageID 41–45.) On March 27, 2024, the ALJ issued a decision finding Berretta not entitled to disability benefits, and the Appeals Council later denied her request for further review. (Id. at PageID 21, 46.)

---

At step five, the ALJ must determine whether the claimant is capable of performing any other substantial gainful employment in the national economy, given the claimant's RFC, age, education and work experience. 20 C.F.R. § 404.1520(g). If the ALJ finds that they can perform such work in the national economy, then the claimant is not considered disabled. If the ALJ finds that he cannot do other work, and meets the durational requirement (an impairment lasting at least twelve months), the claimant is considered disabled. Id.

"[T]he burden of proof lies with the claimant at steps one through four of the process, culminating with a claimant's proof that she cannot perform her past relevant work. The burden of proof shifts to the Commissioner only if the fifth step, proving that there is work available in the economy that the claimant can perform, is reached." Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999).

Berretta now appeals the ALJ's denial of her application under 42 U.S.C. §§ 405(g). Judge York filed the instant R&R on February 6, 2026, recommending that Berretta's appeal be dismissed because substantial evidence supported the ALJ's RFC finding.  (ECF No. 24 at PageID 525.)  Specifically, the R&R addresses the ALJ's consideration of the "sparse" record evidence about Berretta's right knee arthritis and lumbar spinal stenosis.  (Id. at PageID 528.) The R&R finds that "no exertional limitations" arose during Berretta's appointments and evaluations.  (Id. at PageID 526.)  For instance, the R&R notes that, at one examination, Berretta "denied weakness or difficulty walking or denied musculoskeletal issues generally," and, on another occasion, she was "totally asymptomatic."  (Id. at PageID 526.)  The R&R concludes that these facts, among others in the record, constitute "substantial evidence" supporting the findings regarding Berretta's knee and spine, despite the presence of other evidence that could support a contrary finding.  (Id. at PageID 525–26.)

The R&R further concludes that "substantial evidence supports the ALJ's findings" as to Berretta's hearing issues.  (Id. at PageID 527.)  The R&R reviews the administrative record and concludes that substantial evidence, including notes from Berretta's hearing exams and her testimony before the ALJ, support Bisignano's decision. The ALJ noted that Berretta had a "history of hearing loss," but that her hearing impairments were medically managed and improved with hearing aids.  (Id. at PageID 526–28.)  As a result, the R&R concludes that the ALJ properly considered all of the objective medical evidence before her, and that Berretta is effectively asking this Court to delve into the record and reweigh the evidence, which the R&R concludes is not permitted.  (Id. at PageID 528.)

4

## II.    ANALYSIS

A magistrate judge may submit to a district judge proposed findings of fact and recommendations for a disposition. 28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Turning to the substantive law, "[i]n social security cases, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, thereby, entitled to benefits."  Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009).  The district court's review of that determination "is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence."  Id.  "Substantial evidence requires more than a mere scintilla, but less than a preponderance; substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Miller v. Comm'r of Soc. Sec., 811 F.3d 825, 833 (6th Cir. 2016) (internal quotation marks and citations omitted).  "[I]f substantial evidence supports the ALJ's decision, [the] [c]ourt defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  Blakley, 581 F.3d at 406 (quoting Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)); see also Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007) ("When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility.").  "Where, however, an ALJ fails to follow agency rules and regulations, [the

5

court] find[s] a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." Miller, 811 F.3d at 833 (internal quotation marks omitted) (citing Gentry v. Comm'r of Soc. Sec., 741 F.3d 708, 723 (6th Cir. 2014) ("[F]ailure to follow agency rules and regulations denotes a lack of substantial evidence.")).

"Social security regulations do 'not require [an] ALJ to provide a written function-by-function analysis in [their] opinion' unless such an analysis is needed "to understand the bridge between the evidence and result." Storman v. Saul, 2020 WL 3542195, at *3 (W.D. Tenn. June 30, 2020) (citation modified) (quoting Picklesimer v. Colvin, No. 3:13-1457, 2015 WL 5944389, at *13 (M.D. Tenn. Oct. 13, 2015), R. & R. adopted, 2015 WL 6690096 (M.D. Tenn. Nov. 2, 2015)). Moreover, an ALJ may consider all the evidence "without directly addressing in their written decision every piece of evidence submitted by a party." Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006) (citation modified).

If a court finds insubstantial evidence to support the ALJ's decision, or that the ALJ applied incorrect legal rules or regulations, it may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." § 405(g); see also Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985) ("In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking.").

Berretta lodges two related objections to the R&R. First, she asserts that the R&R errs by concluding that evidence in the record as a whole could have been construed as supporting the RFC. (ECF No. 27 at PageID 535.) Berretta argues that the ALJ failed to articulate "how" she

considered the evidence, and failed to create a "logical bridge" between the evidence and her

conclusions.  (Id. at PageID 536.)  She contends that the ALJ's opinion does not explain how all

the evidence was considered.  Because of these asserted errors, Berretta argues that the R&R's

conclusion that substantial evidence supported the ALJ's decision is wrong.

Next, Berretta argues that the R&R erred when it concluded that she merely asked the

Court to reweigh evidence.  Rather, according to her, the ALJ's underlying decision did not

consider "probative evidence . . . in the first instance."  (Id. at PageID 537.)  In support of this

argument, Berretta points out record evidence that, she asserts, the ALJ ignored, including "disc

bulging with moderate facet degeneration and mild spinal stenosis, and disc bulge at L5-S1 with

both facet degeneration and bilateral foraminal stenosis at that level."  (ECF No. 27 at PageID

538 (citing ECF No. 8-1 at PageID 436–37).)  Other evidence Berretta references that was

allegedly overlooked includes "physical examinations" that exhibited "limited range of motion,

weakness, stiffness, difficulty standing, and sensory changes."  (Id.)  As to the hearing

impairment issue, Berretta argues that "the ALJ never mentioned the recent audiology testing

that showed Plaintiff can hear less than half of words spoken even at 95 decibels on the left, and

just fifty-two percent of words spoken at 90 decibels on the right."  (Id.; ECF No. 17 at PageID

495.)  Ultimately, she asserts that the R&R should be rejected, the ALJ's decision should be

vacated, and the case should be remanded for further administrative proceedings under sentence

four of 42 U.S.C. §§ 405(g), 1383(c).  (ECF No. 27 at PageID 539.)

The Commissioner responded to Beretta's objections on March 4, 2026, stating simply

that the R&R "reflects a thorough discussion of the record evidence and a well-reasoned, sound

analysis of the law applicable to this case," and that he "believes the Magistrate Judge adequately

addressed the arguments brought forth during briefing and correctly applied the pertinent law in

finding that the ALJ did not err with respect to Plaintiff's residual functional capacity (RFC) finding." (ECF No. 28 at PageID 540.)

Upon de novo review of the R&R's conclusion that substantial evidence supported the ALJ's RFC finding, the R&R did not err. Berretta's arguments focus on the ALJ's analysis, and information that was allegedly omitted from it. In reaching her conclusion, the ALJ recognized that Berretta has severe impairments, including "arthritis of the right knee" and "sensorineural hearing loss." (ECF No. 8 at PageID 41.) The ALJ also acknowledged Berretta's other impairments, including her spinal injuries, but concluded that the record contained no credible evidence that those conditions caused anything "more than minimal functional limitation or restrictions." (Id. at PageID 42.)

In the analysis, the ALJ explained the diagnoses of the severe impairments at issue, relying on medical records from 2022 to January 2024. (Id. at PageID 41–42.) Based on those diagnoses, the ALJ moved to the fourth step of the disability determination process acknowledging that Berretta's impairments "could reasonably be expected to cause the alleged symptoms," but concluding that her "statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Id. at PageID 43.)

In explaining her decision, the ALJ highlighted the fact that the medical records do not show that Berretta was limited in her sitting, standing, and walking by her knee arthritis. (Id. at PageID 44.) Those medical records included appointment notes from September 25, 2023, stating that Berretta reported no "issues and no pain," had "normal posture and normal gait," and "ambulated with no assistive devices." (Id.) Further, according to the ALJ, the record includes reports of physical testing that showed that the limiting effects of her arthritis were not consistent

with other aspects of the record.  The ALJ also found her testimony unpersuasive.  As a result, the ALJ concluded that Berretta has the RFC to "perform a full range of work at all exertional levels but with" certain "nonexertional limitations: she should avoid concentrated exposure to loud background noises and can occasionally kneel, crouch, and crawl."  (ECF No. 8 at PageID 43.)

Thus, there is adequate evidence in this record for a reasonable person to accept the RFC conclusion.  See Miller, 811 F.3d at 833.  However, despite the reasonableness of the evidence relied on below, Berretta contends that the ALJ overlooked or completely "ignored" aspects of the record that contravened her decision.  (ECF No. 27 at PageID 536.)  She relies on other medical appointment reports that identify her spinal and hearing impairments.  Indeed, she argues that the decision must be reversed because those reports are not given enough treatment by the ALJ.  But Berretta ignores the ALJ's recognition of conflicting evidence on these issues, and mischaracterizes the standard that applies to an RFC.  It is about the most that a claimant can do despite their impairments, not about whether the record or an ALJ acknowledges that impairments exist.  See 20 C.F.R. 416.945(a)(1).  On the latter issue, the ALJ determined, in the first instance, the most that Berretta could do.

In explaining that conclusion, though, the ALJ was not required to provide a line-by-line assessment of all the record evidence she used to get there.  See Delgado v. Comm'r of Soc. Sec., 30 F. App'x 542, 547–48 (6th Cir. 2002).  There is a distinction "between what an ALJ must consider and what an ALJ must discuss in a written opinion."  When an "ALJ discusse[s] the medical and other evidence on the disputed issues" and "articulate[s] how the evidence in the record supports the RFC determination," the ALJ has done enough.  Id. (quotation marks and citation omitted).

9

In addition, any argument as to the weight given to the evidence fails because Berretta has not shown that evidence entitled to controlling weight was overlooked.  See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) ("An ALJ must give the opinion of a treating source controlling weight if [they] find[] the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" (quoting 20 C.F.R. § 404.1527(d)(2))).  Here, the available medical providers "found insufficient evidence to evaluate" Berretta, so there was no medical opinion for the ALJ to assign a level of persuasiveness higher than the reports relied upon.  (ECF No. 8 at PageID 44; see also id. at PageID 66 ("DDS made every reasonable effort to develop the claimant's complete medical history.  However, the claimant failed to respond to the request of action and provide Questionnaires and treatment updates.").)

Further, ALJs are permitted to "implicitly" resolve conflicts between evidence, which the ALJ did here when she stated that Berretta was doing well with hearing aids and that she could walk without knee arthritis complications.  That is, despite Berretta's statements at the administrative hearing about dizziness and falls caused by her hearing aids, and despite her lumbar spine injuries documented in early 2024 medical records, the ALJ cited to, and relied on, contrary evidence, concluding that those alleged impairments did not necessitate a different RFC.  Thus, Berretta has not established that the evidence supporting the ALJ's conclusion was not substantial.  Rather, she seeks a reweighing of the evidence because, to her, other evidence supports a contrary conclusion.  But that is not enough to warrant reversal.  See Kornecky, 167 F. App'x 496 at 500 ("The Commissioner's determinations are not subject to reversal merely because there is substantial evidence in the record that would support the opposite conclusion." (citing Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005)).

Berretta's second objection also fails.  She argues that she does not seek a re-weighing of evidence but rather consideration of evidence "never weighed" "in the first instance."  (ECF No. 27 at PageID 537–38.)  And she contends that the "ALJ's summary suggests that all findings were normal."  (Id. at PageID 538.)

However, as stated above, the ALJ discussed the allegations that Berretta offered about her lumbar spine impairments.   Moreover, some aspects of the administrative record that Berretta cites as "contrary" to the conclusion, do not support her argument.  (Compare ECF No. 27 at PageID 538 (citing ECF No. 8 at PageID 410, 413, 419, 444 as contrary evidence) with ECF No. 8-1 at PageID 410 (not showing abnormal findings), 413 (consisting of a fax cover sheet), 417–19 (reporting normal gait and that "Patient has met all goals"), 444 (reporting that Berretta was instructed to do "in home exercise program to manage low back pain").)  And still others do not override the ALJ's explanation, using the record, that Berretta's hearing improved with the use of hearing aids.  It is up to the ALJ, not this Court, to weigh evidence and make credibility determinations.  See Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528, 531 (6th Cir. 1997) ("[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.").  Those determinations cannot be disturbed for the mere reason that Berretta or this Court would have decided them differently.

For the foregoing reasons, Berretta's objections to the R&R are **OVERRULED**.  As to the remainder of the R&R, those conclusions of fact and law are reviewed for clear error.  Having reviewed those aspects of the R&R for clear error, the Court finds none and **ADOPTS** the R&R in full.

11

## III.    CONCLUSION

The Court's review of the Commissioner's decision is limited to whether the correct legal standards were applied and whether substantial evidence supported the findings below.  The Court declines Berretta's invitation to return to the administrative record and comb through evidence that she argues should have been explicitly discussed because substantial evidence supports the ALJ's conclusions.  Given the R&R's findings, and after de novo review of the findings to which Berretta objects, the R&R is **ADOPTED**, and Bisignano's determination here as to SSI is **AFFIRMED**.

**IT IS SO ORDERED,** this 29th day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
